UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESHAUN GRIFFIN (#586697)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-161-BAJ-RLB** |
| **WHITNEY COLLAN** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 20, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESHAUN GRIFFIN (#586697)                                   CIVIL ACTION

VERSUS

                                                            21-161-BAJ-RLB

WHITNEY COLLAN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983 against CIA Agent Whitney Collan, alleging that his constitutional rights are being violated due to surveillance by Collan. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint the plaintiff alleges the following: Defendant Collan is a CIA agent who has been using government equipment to conduct surveillance on the plaintiff for personal reasons. Since 2007 defendant Collan has used a high frequency communication transmitter, social media, satellites, and other equipment to watch the plaintiff, hear him, and communicate with other people. One such device can go back into the past to watch and listen to the plaintiff as a child. Since all of his conversations are being monitored, the plaintiff's family refuses to communicate with him because defendant Collan has exposed their personal lives. Defendant Collan has also defamed the plaintiff's character. Defendant Collan has taken video footage of the plaintiff and posted it on Instagram.

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers,

acting under color of federal law, that was analogous to the section 1983 action against state officials.")  In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor.  *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In the instant matter, the plaintiff's claims are factually frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (noting that claims that are "irrational" or "wholly incredible" can be factually frivolous under 28 U.S.C. § 1915); and *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (noting that "fantastic or delusional scenarios" can be factually frivolous under 28 U.S.C. § 1915).

Numerous courts have dismissed surveillance claims like those of the plaintiff as frivolous.  *See Gomez v. Federal Bureau of Investigation*, 2020 WL 5027662 (N.D. Tex. Aug. 10, 2020) (Claims of surveillance of private life by FBI and local law enforcement were irrational or wholly incredible); *Quarles v. Murphy*, 2017 WL 5558644 (E.D.N.Y. Mar. 6, 2017) (Claims of constant FBI surveillance including assertions of audio and video monitoring "rise to the level of the irrational or the wholly incredible."); *Fierro v. Zeller*, 2004 WL 2452031 (N.D. Tex. Nov. 2, 2004) (Claims of unlawful 24 hour satellite surveillance were patently frivolous.); *Pollard v. FBI*, 2020 WL 4905567 (E.D. Cal. Apr. 8, 2020) (Claims of "satellite  terrorism" and "holographic drone laser surveillance" were irrational and wholly incredible and were therefore, frivolous.); *Mendes v.* U.S., 88 Fed. Cl. 759 (Claims that the CIA and the FBI are using "fanatical women to further their goals" through "laser beam technology" were  factually frivolous); and *Luevano v. U.S. Texas Judges*, 2020 WL 7181058 (E.D. Pa. Dec. 7, 2020)

(Claims that Presidents Trump and Obama were using satellites against the plaintiff were fanciful and delusional such that they lack any basis in fact.)

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on April 20, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."